IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERTO CHAVARRIA GONZALEZ, | § | |
| TDCJ-CID NO. 1249386, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-2664 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Gilberto Chavarria Gonzales, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice as time-barred.

## I. BACKGROUND

Petitioner was convicted on July 7, 2004, of murder in the 85th District Court of Brazos County, Texas, in cause number 03-02321-CRF-85. (Docket Entry No.1). Punishment was assessed at confinement in TDCJ-CID for life. (*Id.*). Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on December 7, 2005. *Gonzales v. State*, No. 10-04-00164-CR, 2005 WL 1836939 (Tex. App.—Waco, 2005, pet. ref'd) (not designated for publication). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about March 6, 2006. *See* 28 U.S.C. § 2244(d)(1)(A). Public records show that petitioner filed two state habeas applications that were

1

dismissed by the Texas Court of Criminal Appeals. The first was dismissed on January 12, 2005, because a direct appeal was pending.[1] The second application was filed in state district court on July 31, 2008, and dismissed on October 1, 2008, as non-compliant.[2] Petitioner filed a third state habeas application on June 4, 2010,[3] which the Texas Court of Criminal Appeals denied without written order on January 19, 2011.[4]

Petitioner filed the present federal habeas petition July 15, 2011. (Docket Entry No.1, page 9). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on grounds of actual innocence and the denial of the effective assistance of counsel at trial. (Docket Entry No.1).

## II.  STATUTE OF LIMITATIONS

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2183078 (viewed July 26, 2011).

[2] http://justiceweb.co.brazos.tx.us/Scripts/UVlink.isa/bodreaux/WEBSERV/CriminalSearch (viewed October 24, 2011); http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2346529 (viewed July 26, 2011).

[3] http://justiceweb.co.brazos.tx.us/Scripts/UVlink.isa/bodreaux/WEBSERV/CriminalSearch (viewed July 26, 2011).

[4] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2432810 (viewed July 26, 2011).

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on March 7, 2006, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on March 7, 2007.

The pendency of petitioner's first and second state habeas applications did not toll the AEDPA limitations periods because the state application were not properly filed and dismissed. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004). Petitioner's third state habeas application was filed on June 4, 2010, years after the

3

expiration of the March 7, 2007, deadline; therefore, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner seeks equitable tolling of the limitations period on grounds that he is actually innocent and that he was unaware of the significance of asserting such claim because he did not receive a copy of his appellate brief and his attorney did not inform him of his right to discretionary review. (Docket Entry No.6). To merit application of equitable tolling in context of § 2254, a petitioner must show that he pursued his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2560 (2010).

Public records show that petitioner filed both an appeal and a petition for discretionary review. The fact that he did not receive a copy of the brief filed on appeal or discretionary review does not constitute an extraordinary circumstance that would justify equitable tolling.

Moreover, there is no actual innocence exception to the AEDPA statute of limitations. *See Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010) (holding as to death penalty cases); *Prince v. Thaler*, 354 Fed. App'x 846, 847 (5th Cir. 2009) (finding no precedence in this Circuit for an actual innocence exception in non-death penalty case). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See*

*Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup v. Delo*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Petitioner alleges in his complaint that he possesses a recording made by Luis Coua Jardo naming two other men as the perpetrators of the crime and stating that petitioner is innocent of the crime. (Docket Entry No.1, page 10). Petitioner claims that this information was available at the time of trial but was not presented at trial because of the ineffectiveness of his trial counsel. (*Id.*). Petitioner claims that his trial counsel failed to contact alibi witnesses who were petitioner's sole defense. (*Id.*, page 13). Petitioner presents no evidence to support his actual innocence claim nor demonstrated actual innocence in his petition or in response to the Court's Order to address the limitations bar and equitable tolling, which was entered on August 16, 2011. (Docket Entry No.6).

This is not a case in which petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He waited over two years after his conviction became final before filing a non-complying state habeas application on October 1, 2008. *See* n.2. Petitioner provides no explanation for his dilatory conduct. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk shall provide copies to the parties.

SIGNED at Houston, Texas, this 9th day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE